**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ROBERT E. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| REMEL, INC. | ) Complaint for Damages and |
| | ) Jury Demand |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

**I.  Nature of the case and parties to this action**.

1.      This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§621 et seq. and the Kansas Age Discrimination in Employment Act (KADEA), KS Statutes §§ 44-1111 et.seq. Plaintiff seeks all available remedies from Defendant including compensatory and punitive damages, and equitable relief the Court deems warranted.

2.      Plaintiff Robert E. Sanders (hereinafter "Mr. Sanders" or "Plaintiff") is 55 years old and currently resides at 2712 Mac St. NW, Cleveland, TN 37312.  Plaintiff suffered months of progressively worse age discrimination at the hands of Defendant, culminating with Plaintiff's dismissal in violation of ADEA and KADEA.  Plaintiff therefore, through undersigned counsel, files this civil action Complaint for Damages and Jury Demand ("Complaint") against Defendant Remel, Inc. (hereinafter "Remel, Inc." or "Defendant").  Defendant is a corporation organized under the laws of the State of Kansas and at all relevant times was doing business in Lenexa,

1

Kansas (Johnson County). It can be served through its registered agent in the State of Kansas. Defendant has 20 or more employees and is an "employer" within the meaning of the ADEA and KADEA. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## II. Jurisdiction and Venue.

3. The claims alleged herein arise out of Plaintiff's employment with Defendant in its Lenexa, Kansas location. Plaintiff alleges Defendant discriminated against him based on age, in violation of both the ADEA and KADEA. Plaintiff's claims therefore arise under federal law and supplemental state law, giving this Court jurisdiction under 28 U.S.C. §§ 1331 and 1367. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

4. Plaintiff has exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission and subsequently receiving notice of his right to sue on October 13, 2020. Details about EEOC proceedings are in Section IV, *infra*.

5. Venue is proper in the District Court of Kansas because Plaintiff's claims arose within this District, and a substantial part of Defendant's acts and omissions giving rise to the claims occurred in this District. Venue is also proper because Defendant maintains its place of business in this District. See 28 U.S.C. § 1391(b), (c).

## III. Statement of the Claim.

6. On or about 2 August 2018, Defendant made a telephonic job offer to Mr. Sanders, who was living in Georgia at the time. Mr. Sanders accepted the offer and moved to Kansas to accept the job.

7. August 27, 2018, was Mr. Sanders's first day on the job. His job title was Production Supervisor.

2

8.      From August 2018 until approximately August 2019, Mr. Sanders's supervisor was Mr. JJ McCallie.  Mr. Sanders and Mr. McCallie enjoyed normal, professional, cordial communications.

9.      Plaintiff worked in the "plates" department, which is where petri dishes are mixed in order to test for certain diseases and ailments.

10.     Mr. McCallie treated Mr. Sanders fairly and professionally – the same way he treated other supervisors.

11.     Mr. McCallie communicated his expectations with Mr. Sanders, and shared critical information with him.  Communication was a very important part of Plaintiff's position as both a subordinate and a supervisor of others.

12.     In or about August or September of 2019, Mr. McCallie accepted another position, and Mr. Tom Bennett replaced him.

13.     Thus, Mr. Bennett became Plaintiff's new supervisor at that point.

14.      Mr. Bennett had already been a supervisor at Defendant for over 25 years, but in September 2019, Defendant brought the plates department under Mr. Bennett's supervision in the wake of Mr. McCallie's departure.

15.     Mr. Bennett started discriminating against Mr. Sanders based on age from the moment the two started working together.

16.     In October 2019, only days after Mr. Bennett began supervising the plates department,  he approached Mr. Sanders and directly asked, "How old are you."

17.     Mr. Sanders was surprised by such an inappropriate question, but answered that he was 54 years old.  Once Mr. Bennett heard the response, he then proceeded to say that Mr. Sanders's knowledge and experience needed to be "toned down" to fit into the Remel culture.

18.     Mr. Bennett immediately departed the area after this awkward conversation, and from that moment forward, refused to speak with Plaintiff and started treating him differently from the other (younger) supervisors.

19.     Mr. Bennett regularly provided training opportunities for the younger supervisors, but did not provide training opportunities to Mr. Sanders.

20.     Mr. Bennett invited the younger supervisors to his meetings, but did not invite Mr. Sanders.

21.     Mr. Bennett did not give Plaintiff the development, support and guidance that he gave to the younger supervisors.

22.     Mr. Bennett refused to provide information to Mr. Sanders regarding goals and expectations, but provided such information to the similarly situated younger supervisors.

23.     Mr. Bennett withheld important information from Plaintiff, but shared it with the younger supervisors.

24.     The information Mr. Bennett withheld from Plaintiff, thereby purposely setting him up for failure, includes: production criteria, performance levels that needed to be attained, quality updates, safety observations and problems, and information on each supervisor's performance levels.  Mr. Bennett refused to share this vitally important information with Plaintiff.

25.     Interaction and communication were particularly important to each subordinate supervisor's success.

26.     For example, Mr. Arnaud Laroche-Bataille, one of the younger supervisors, received daily updates and information sharing from Mr. Bennett.  Ryan Anderson, another younger supervisor, received regular and timely updates from Mr. Bennett.  Mr. Bennett set Mr. Anderson and Mr. Laroche-Betaille and others up for success by sharing information with them, coaching them, and training them.

4

27.     Mr. Bennett did just the opposite with Mr. Sanders and refused to even speak with him.

28.     On December 9, 2019, Mr. Bennett called Mr. Sanders to a meeting in the Human Resources office.  Ms. Shelly Walls from Human Resources was present as well.   There, Mr. Bennett told Mr. Sanders that due to "missteps" and a "non-positive culture" that had been reported to him, he was terminating Mr. Sanders.

29.     Mr. Bennett did not go into detail about the "missteps" or "non-positive culture," and did not provide Mr. Sanders an opportunity to rebut.

30.     The "missteps" reasoning Mr. Bennett provided was only a pretext because Mr. Bennett had already decided to terminate Plaintiff based on age.

31.     Plaintiff was the oldest of all supervisors at Remel, Inc. at the time.

32.     Defendant's stated reasons for Plaintiff's termination were vague, false, and pretextual.

33.     Plaintiff was qualified for the position he encumbered at Remel, Inc.

34.     Defendant engaged in a pervasive pattern or practice of age-based discrimination against Plaintiff, culminating in Plaintiff's unlawful dismissal.

35.     There was a nexus between Plaintiff's age, and Defendant's unlawful dismissal.   The dismissal was unwelcome, severe and abusive.  Further, Defendant knew it was unlawful to discriminate based on age, but did so regardless.

36.     As a result of Defendant's discriminatory termination, Plaintiff has incurred and will continue to incur lost wages, benefits, and other monies wrongfully denied him.

37.     As a result of Defendant's conduct, Plaintiff has endured and will continue to endure emotional distress.

5

38.     Mr. Bennett was acting within the scope of his employment when he wrongfully terminated Mr. Sanders, and Defendant knowingly ratified those actions.  Defendant is therefore vicariously liable for the conduct alleged herein.

## IV.  EEOC PROCEEDINGS.

39.     Plaintiff exhausted his administrative remedies.

40.     On or about January 15, 2020,  Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission (Charge No. 563-2020-00754; KHRC Docket No. 41805-20; EEOC Duel Filed Charge No. 28D-2020-00271).  *See* Exhibit A attached hereto.  On January 23, 2020, the KHRC acknowledged receipt of the complaint.  *Id.*

41.     The EEOC issued a Notice of Right to Sue letter October 8, 2020 to Plaintiff, thereby allowing him to go forward with filing the instant suit against Defendant.  *See* Exhibit B, attached hereto.  Plaintiff received said Notice of Right to Sue via US Mail on October 13, 2020.

42.     Note the administrative proceedings reference Thermo Fisher Scientific, which is the parent company of Remel, Inc.

## COUNT 1

### Age Discrimination – ADEA and KADEA

43.     Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

44.     Plaintiff was at all times during the discriminatory acts at least 40 years old.

45.     Plaintiff suffered an adverse employment action when Defendant terminated him based on age.

46.     Plaintiff's age was the motivating factor for Defendant's decision to terminate Plaintiff.

47.     Plaintiff was qualified for the position at issue.

48.     Plaintiff was treated less favorably than the younger supervisors.

49.     Defendant ratified Mr. Bennett's actions by allowing him to unlawfully discharge Plaintiff from employment, with age as the motivating factor.


Wherefore, Plaintiff Robert E. Sanders prays for:

a.     Lost wages, employment benefits, and other compensation lost to him as a result of Defendant's unlawful age discrimination, and prejudgment interest;

b.     Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendant's age discrimination;

c.     Equitable relief, to include re-instatement to the job of Production Supervisor (or to a comparable job appropriate for his experience and qualifications);

d.     Back pay and front pay extending for a reasonable time into the future;

e.     Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of the prior administrative action; and

f.     Such other relief that this Court deems just and appropriate.


## DEMAND FOR JURY TRIAL AND DESIGNATION OF LOCATION

Plaintiff demands a trial by jury of all issues so triable in this action.  Plaintiff designates Kansas City as the location for a jury trial.

Respectfully submitted this 4th day of January, 2021.

THOMPSON LAW OFFICES, LLC

/s/ *Kevin V. Thompson, Sr.*

_____

Kevin V. Thompson, Sr.
Attorney for Plaintiff, KS Bar No. 21110
Thompson Law Offices, LLC
1504 Gatewood St.
Leavenworth, KS 66048
913-704-5737
Kevin.v.thompson@outlook.com


/s/ *Robert E. Sanders*

_____

Robert E. Sanders, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day, January 4, 2021, a copy of the foregoing was sent to the following

parties:


U.S. District Court
District of Kansas
500 State Ave
Kansas City, KS 66101


Remel, Inc.
12076 Santa Fe Dr.
Lenexa, KS 66215


Resident Agent:
Capitol Corporate Services, Inc.
700 SW Jackson, Suite 100, Topeka, KS 66603


/s/ *Kevin V. Thompson*
_____
Kevin V. Thompson, Sr.
Attorney for Plaintiff, KS Bar No. 21110
Thompson Law Offices, LLC
1504 Gatewood St.
Leavenworth, KS 66048
913-704-5737
Kevin.v.thompson@outlook.com